UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.R. No. 07-125-01S |
| | : | |
| JOSE MANUEL VASQUEZ | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Defendant Jose Manuel Vasquez has appealed from this Court's denial of his three[1] motions for reduction of sentence based on the amendments to the Federal Sentencing Guidelines regarding drug trafficking offenses. In connection with his appeal, he has asked this Court for leave to prosecute the appeal *in forma pauperis* ("IFP") (ECF No. 122); that motion has been referred to me. Because I recommend that this Court certify that this appeal is not taken in good faith pursuant to Fed. R. App. P. 24(a)(3)(A), I also recommend that the IFP motion be denied. Because denial of IFP status may be dispositive of Defendant's appeal, the IFP motion is addressed by this report and recommendation. Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal, so that magistrate judge should issue a report and recommendation for a final decision by the district court).

After Defendant's first motion for reduction of sentence was filed, the Court entered a scheduling order pursuant to which an Assistant Federal Defender was appointed to represent

---

[1] After his third motion, the Court denied all three. ECF No. 119. Following that adverse ruling, he filed a *pro se* letter effectively amounting to a fourth motion seeking the same relief. ECF No. 120. In response, the Deputy Clerk sent him a courtesy copy of the order that had already denied the requested reduction. ECF No. 120-1.

him, the Probation Office was directed to file a memorandum laying out Defendant's prior and recalculated guideline ranges and Defendant (through his appointed counsel) and the government were directed to object or agree to a reduction of sentence. ECF No. 114. Probation's memorandum was timely filed on March 13, 2015; it advised the Court that a reduction of Defendant's total offense level from 37 to 35 based on the 2014 Drug Guideline Amendment pursuant to 18 U.S.C. § 3582(c)(2) would result in a revised guideline range of 168 to 210 months of incarceration. ECF No. 116. Because Defendant's sentence of 140 months was well below the bottom of the recalculated range, Probation concluded that Defendant was "not eligible for a lower sentence." Id. at 2; see United States v. Hogan, 722 F.3d 55, 62 (1st Cir. 2013) (court cannot reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range); United States v. Delarosa, Case No. 1:09-cr-64-20, 2015 WL 7272190, at *6 (D. Vt. Nov. 17, 2015) (because court imposed a sentence below the amended guideline range, defendant not eligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(b)(2)(A)). Neither Defendant's appointed counsel nor the government filed any objection to this conclusion.

     A month later, the second of Defendant's three motions was filed on his behalf by an attorney from Florida; his motion argues that a reduction is authorized by erroneously omitting from the revised guidelines calculation Defendant's four-level upward adjustment for his leadership role in the drug trafficking offenses. ECF No. 117 at 5; see United States v. Hill, No. 2:98-CR-006, 2015 WL 4111481, at *2 (E.D. Tenn. July 8, 2015) (application of Amendment 782 is based on total offense level, including upward adjustments for leadership role); United States v. Leland, No. 1:03-cr-00033-JAW-01, 2015 WL 1809663, at *38 (D. Me. Apr. 21, 2015) (calculation of total offense level includes four point enhancement for leadership to determine

eligibility for Amendment 782 reduction). Defendant's third motion is no better; filed *pro se*, it also mistakenly omits the four-point increase for his leadership role in connection with both his original sentence and the revised calculation. ECF No. 118. Notably, while the attorney from Florida entered an appearance in the case, he did not object to the conclusions set out in Probation's memorandum.[2]

Two weeks after the third motion, the Court ruled, adopting the unobjected-to conclusion of Probation that Defendant is not eligible to seek a reduced sentence because he had been given a sentence below the amended guideline range. ECF No. 119. Neither his notice of appeal nor his IFP motion articulates a legal theory in support of his contention that the Court committed legal error; rather, he contends only that his sentence should have been reduced because the amendment does have the effect of lowering the guidelines range applicable to him. ECF No. 122 at 2. But the Court's order is not at variance with that proposition – the denial of Defendant's motion for reduction of sentence rested on Probation's conclusion, to which neither his appointed counsel nor his engaged counsel objected, that his sentence of 140 months is still well below the lowered guideline range. Accordingly, I find that Defendant's appeal is based on an indisputably meritless legal theory and on factual allegations that are baseless; therefore, I find that it is not taken in good faith.[3] See United States v. Graham, No. CR 13-132-01-ML, 2014 WL 468969, at *4 (D.R.I. Feb. 6, 2014). Based on the foregoing, I recommend that this Court so certify.

---

[2] It is not surprising that no objection is asserted in the second motion – the Florida attorney would not have had access to Probation's memorandum until after he entered an appearance by filing the second motion. However, once he appeared, he had access to the entire electronic file, including Probation's memorandum.

[3] The timeliness of Plaintiff's appeal is also suspect. Pursuant to Fed. R. App. P. 4(b)(1)(A), the notice of appeal was required to be filed within fourteen days after the entry of the Court's denial of Defendant's motion for reduction of sentence (May 19, 2015) to perfect a timely appeal. Defendant did not file the notice of appeal until November 12, 2015. Even if the fourteen days were counted from the Clerk's letter of October 5, 2015, sending Defendant a copy of the Order of May 19, 2015, rather than from the Order itself, it would appear that the notice was not timely.

Although 18 U.S.C. § 3006A(d)(7) provides "[i]f a person for whom counsel is appointed under this section appeals to an appellate court . . ., he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28," Fed. R. App. P. 24(a)(3)(A) makes clear that IFP status may be denied if "the district court . . . certifies that the appeal is not taken in good faith . . . ." See United States v. Graham, No. CR 13-132-01-ML, 2014 WL 468969, at *1 (D.R.I. Feb. 6, 2014).  If this Court adopts my recommendation and certifies that this appeal is not taken in good faith, I further recommend that the IFP motion be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 14, 2015